# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

APR 03, 2025

John Lee Jones Jr
Appellant/Petitioner
Plaintiff/Defendant/Claimant
Respondent Below
-v-

Civil Action Case No.
3:25cv282 DRL-SJF

Donald R Lewis
Appellee/Respondent
Plaintiff/Defendant

St Joseph Superior Court Small Claims Division
71D01-2501-EV-000197

**REMOVAL OF A STATE COURT CASE TO THIS FEDERAL COURT AND TITLE 28 U.S.C., SECTION 1446(d) THAT FILING IMMEDIATELY STAYS ALL STATE ACTIONS.**
**VIOLATION OF THE KLU KLUX KLAN ACT APRIL 20, 1871.**
**THE COURT DOES NOT HAVE JURISDICTION BECAUSE CODE**

A. Violation of The Seperation of Power Clause

B. Violation of Due Process of The Law And Equal Protection of The Law

C. Violation of my 5th Amendment Right

D. False Claim Act By Targeting Black Homeowner.

(1.)

COMES NOW the MOVANT above and – pursuant to TITLE 28 U.S.C., SECTION 1441(a)-(c) and 1443 – respectfully, demands, this Honorable Court assumes and continues subject matter jurisdiction over above stated, state court matter and, eventually, dismisses the above stated state court case.

**Petitioner John Lee Jones**, and moves this Court *in This Complaint* and order to declare the fraudulent quitclaim deeds null and void, restore title to the rightful owner, vacate the unauthorized judgment issued by Judge Matthew Raper, and prevent further fraudulent conveyances of the property located at **922 Sancome Street, South Bend, Indiana 46628**. In support thereof, Petitioner states the following:

## I. PARTIES

1. **Petitioner**, John Lee Jones, is the rightful owner of the subject property, having lawfully purchased it in **2014 for $18,000**—$8,000 over the original contract price.
2. **Responding Party**, Donald A. Lewis, in concert with business partners Steve Koller and David W. Smith, fraudulently transferred the property without standing or jurisdiction.
3. **Respondents** utilized their companies, **Tiny LLC and Tristate LLC**, to falsely claim ownership of the property and execute unauthorized quitclaim deeds.

## II. STATEMENT OF FACTS

4. On or about **April 8, 2022**, David W. Smith executed a **quitclaim deed** transferring the property to Petitioner **John Lee Jones**, lawfully conveying ownership.
5. On or about **June 21, 2023**, **Tiny LLC fraudulently executed a quitclaim deed** to transfer the property to **Steve Koller**, despite the property already being lawfully sold to Petitioner. This transfer was made **without any monetary consideration**, rendering it fraudulent and void.
6. Subsequently, the property was **transferred again to Donald A. Lewis, owner of Tristate LLC**, without consideration, furthering the fraudulent scheme.
7. **Small Claims Judge Matthew Raper**, at an administrative hearing, **improperly awarded the property to Donald Lewis** despite the **Small Claims Court lacking standing or jurisdiction to issue any rulings, judgments, or orders on property title disputes.**
8. **The Small Claims Court lacks subject matter jurisdiction over title disputes** under Indiana law, making Judge Raper's ruling void *ab initio* (from the beginning). See *Hoang v. Jamestown Homes, Inc.*, 768 N.E.2d 1029 (Ind. Ct. App. 2002), which holds that **a court acting without jurisdiction has no authority to enter judgments affecting property ownership.**
9. **This case must be heard in Circuit Court** because the **Small Claims Court lacks jurisdiction over claims exceeding $10,000.** The property in question was purchased for **$18,000**, well above the Small Claims Court's monetary jurisdictional limit.
10. The decision to hear this case in **Small Claims Court was a deliberate attempt to circumvent legal discovery procedures** and to prevent Petitioner from fully presenting evidence of fraud and conspiracy in a court of proper

On or about June 21, 2023, Tiny LLC executed a fraudulent quitclaim deed for the property located at **922 Sancome Street, South Bend, Indiana 46628**, unlawfully transferring it to **Steve Collar**, residing at **5112 Unit 5, Mishawaka, Indiana 46545**. This transfer was made **without any monetary consideration** and was knowingly fraudulent, as the property had already been lawfully sold to **John Lee Jones** in 2014 for **$18,000**—$8,000 over the original contract amount.

After this unlawful quitclaim transfer, the property was again conveyed, this time to **Donald R. Lewis, owner of Tristate LLC**, also for no consideration. Following these fraudulent transfers, attempts were made to unlawfully remove **John Lee Jones** from his legally owned property, constituting a clear violation of his rights and furthering the fraudulent scheme.

These actions demonstrate a **pattern of fraudulent quitclaim transactions intended to cloud rightful ownership and deprive Mr. Jones of his property interest**, in direct violation of Indiana and federal law. **The fraudulent quitclaim scheme constitutes an abuse of process and falls under civil and criminal fraud statutes, as well as RICO violations.**

**Legal Grounds for Complaint**

11. The Small Claim Court Did not Have subject matter jurisdiction, and on personsonal Jurisdiction Because The money amount could not Be Heard in Small Claim Court.

12. Small Claim Court could not Hear money amount over "$10,000"

13. Judge matthew Raper Had no Jurisdiction to Hear This action, Because The money Amount Exceeded His statutory.

14. All The Co-Conspiriators were "White men"

15. David W Smith was a white man

16. Steven Holler who Sign The quitchaim Deed where White men.

17. Steven Holler was under Investigation By the Attorney general in The State of Ind.

3.

18. movants is a Black man that owen Property at 922 Sancom St. Southe Bend Ind.

19. The Fraud place in the This court is a violation of his Constitution Rights.

. AT LAW, WHEN THE MOVANTS INVOKED SECTIONS 1441 AND 1443 OF THE REMOVAL STATUTES, TWO FACTS JUSTIFY THE RETENTION OF THIS REMOVAL NOTICE BY THIS COURT: (1) THESE MOVANTS ASSERT RIGHTS AND INTEREST IN THOSE RIGHTS THAT MUST BE PROTECTED BY THE STATE COURT AND FEDERAL COURT.

. THOSE FACTS ARE STATED IN THE RECORD AND, THEREFORE, THE MOVANTS, RESPECTFULLY DEMAND THIS HONORABLE COURT TAKE "JUDICIAL NOTICE" OF TWO PERTINENT FACTS SHOWING THE REMOVAL OF A STATE COURT CASE TO A FEDERAL COURT IS JUSTIFIED BECAUSE THESE FACTS ARE WELL ESTABLISHED AS KNOWN PREJUDICES AND BIAS DERIVING FROM COURTS THAT ACCEPT CASES MOTIVATED BY A PETITIONER'S RACE, COLOR, NATIONALITY AND/OR ORIGIN AND PLAINTIFF EVIDENTED BY THE PLAINTIFF'S PLEADINGS AND ACTS.

. PLEASE, THEREFORE, "TAKE NOTE" THE STATE COURT HAS RESISTED ANY REASONABLE ATTEMPT DISMISS OR RESIST THE INSISTANCE OF THE CASE TO REMAIN IN THAT COURT AND IT MUST THEN BY ASSUMED THAT COURT SIMPLY REFUSED TO ALLOW A FAIR AND NORMAL, UNRESTRICTED ACCESS AND/OR OPPORTUNITY TO DISCUSS THIS CASE AS SECURED FOR THIS PETITIONER UNDER THE PETITION CLAUSE AMONG OTHERS, TO THE FEDERAL CONSTITUTION.

"Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction."
--*Loos v American Energy Savers, Inc.*, 168 Ill.App.3d 558, 522 N.E.2d 841(1988)("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff.").

The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the defendant, the court has acted against the law, violates the defendant's due process rights, and the judge under court decisions has immediately lost subject-matter jurisdiction. In a court of limited jurisdiction, the court must proceed exactly according to the law or statute under which it operates. --*Flake v Pretzel*, 381 Ill. 498, 46 N.E.2d 375 (1943) ("the actions, being statutory proceedings, ...were void for want of power to make them.") ("The judgments were based on orders which were void because the court exceeded its jurisdiction in entering them. Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void."); *Armstrong v Obecino*, 300 Ill. 140, 143, 133 N.E. 58 (1921) "The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it." *In Interest of M.V.*, 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997) ("Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters must proceed within the strictures of the statute."); *In re Marriage of Milliken*, 199 Ill.App.3d 813, 557 N.E.2d 591 (1st Dist. 1990) ("The jurisdiction of a court in a dissolution proceeding is limited to that conferred by statute."); *Vulcan Materials Co. v. Bee Const. Co., Inc.*, 101 Ill.App.3d 30, 40, 427 N.E.2d 797 (1st Dist. 1981) ("Though a court be one of general jurisdiction, when its power to act on a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction.");

### TABLE OF AUTHORITIES – LACK OF JUDICIAL IMMUNITY

Thus, neither Judges nor Government attorneys are above the law. See *United States v. Isaacs*, 493 F. 2d 1124, 1143 (7th Cir. 1974). In our judicial system, few more serious threats to individual liberty can be imagined than a corrupt judge or judges acting in collusion outside of their judicial authority with the Executive Branch to deprive a citizen of his rights.

"A judgment can be void . . . where the court acts in a manner contrary to due process."
--Am Jur 2d, §29 Void Judgments, p. 404.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." --*Merritt v. Hunter*, C.A. Kansas 170 F2d 739.

"Moreover, all proceedings founded on the void judgment are themselves regarded as invalid."
--*Olson v. Leith* 71 Wyo. 316, 257 P.2d 342.

In *The Case of the Marshalsea*, 77 Eng. Rep. 1027 (K.B. 1613), Sir Edward Coke found that Article 39 of the Magna Carta restricted the power of judges to act outside of their jurisdiction such proceedings would be void, and actionable.

Fraud may be perpetrated by willful misrepresentations made by one person to another, with a design to mislead and which do actually mislead another; it may be perpetrated by signs and tricks, and even silence may in some instances amount to fraud. King v. Towns, 102 Ga. App. 895, 118 S. E. 2d 121 (1960). Again, this fraud perpetrated by <u>STEVEN Koller</u> is predicated that the

<u>Indiana Quit Deed Prepared by Steven holler 512-unit 5 mishawaka, Indiana 46545 Steven holler affirm under the penalties for perjury See exhibit 2</u>

Innocent misrepresentations cannot amount to anything more than constructive fraud, and, as such, are not creative of any independent right of action for damages in tort in favor or the injured party; but they may support an action in equity to rescind a contract so induced. Gaultney v. Windham, 99 Ga. App. 800, 109 S.E. 2d 914 (1959); Hertz Corp. v- Cox, 430 F.2d 1365 (5th Cir. 1970), cert. denied, 414 U.S. 825, 94 S. Ct. 129, 38 L. Ed. 2d 59 (1973).




When rule providing for relief from void judgments is applicable, **relief is not discretionary matter, but is mandatory, Orner. V. Shalala, 30 F.3d 1307 (Colo. 1994).** Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or **acted in a manner inconsistent with due process**, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 - Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985).

**A void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment.** It is entitled to no respect whatsoever because it <u>does not affect</u>, <u>impair</u>, or <u>create legal rights</u>." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J.,concurring). **The Court Has A Responsibility To Correct a Void Judgment: <u>The statute of limitations does not apply to a suit in equity to vacate a void judgment.</u> (Cadenasso v. Bank of Italy, p. 569; Estate of Pusey, 180 Cal. 368, 374 [181 P. 648].) This rule holds as to all void judgments. In the other two cases cited, People v. Massengale and In re Sandel, the courts confirmed the judicial power and responsibility to correct void judgments.**

A <u>void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment</u>. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J.,concurring). When appeal is taken from a void judgment, the appellate court must declare the judgment void. <u>Because the **appellate court may not address the merits, it must set aside the trial court's judgment and dismiss the appeal.**</u>

## Any misrepresentation intended to deceive and which does deceive is fraud, for which a party is entitled to a remedy of law. Oliver v. O'Kelley, 48 Ga. App. 762, 173 S.E. 232 (1934).

<u>Fraud may be perpetrated by willful misrepresentations made by one person to another, with a design to mislead another; it may be perpetrated by signs and tricks, and even silence may in some instances amount to fraud. King v. Towns, 102 Ga. App. 895 118 S.E.2d 121 (1960).</u>

Respectfully Submitted

X ___[signature]___

X __4/3/25__

I Declaration under penalty of Penalty of Perjury that the fact are true + correct.

I am over the age of 21 and competent to testify to this fact in this cause of action.