UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN LEE JONES, <br><br> Plaintiff, <br><br> v. <br><br> DONALD R. LEWIS, <br><br> Defendant. | CAUSE NO. 3:25cv282 DRL-SJF |

ORDER

On March 21, 2025, John Lee Jones, proceeding *pro se*, filed this case in St. Joseph Superior Court. On April 3, 2025, he then purported to remove the case here under 28 U.S.C. §§ 1441 and 1443. The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003).

Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit only arises under federal law when the plaintiff's statement of his own cause of action shows it is based on federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Federal district courts also have diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For individuals, citizenship is based on domicile, a person's "true, fixed and permanent home and place of habitation," and "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). If the court finds before final judgment that it lacks subject matter jurisdiction, it must remand. 28 U.S.C. § 1447(c).

A liberal reading of the Mr. Jones's *pro se* filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), fails to reveal the court's jurisdiction. He alleges Donald Lewis and others fraudulently claimed ownership of and sold his property [1-1 at 4-7], but his complaint details nothing that would establish federal question jurisdiction. His removal notice gestures toward federal constitutional and statutory provisions (due process and equal protection, the Fifth Amendment, the False Claims Act, the Klu Klux Klan Act of 1871, and a "Separation of Power Clause") [1 at 1], alludes to racial discrimination (he says he is black, the fraudsters were white, and suggests the case was motivated by his race) [*id.* at 3-4], and cites the removal statute for civil rights cases, 28 U.S.C. § 1443 [*id.* at 2]. But his complaint never alleges facts that appear cognizable under any such laws. In addition, paperwork indicates his property is valued at $100,000.00 [1-1 at 26], but he fails to plead his or Mr. Lewis's citizenships, so diversity jurisdiction is unclear. The court has no evident basis for jurisdiction based on his pleading.

In addition, a civil case brought in state court may only properly be removed by a defendant (not a plaintiff) if the federal district court has jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a). There may be some cause to treat this removal option as procedural rather than jurisdictional, *see* 28 U.S.C. § 1447(c); *Pettit v. Boeing Co.*, 606 F.3d 340, 342-43 (7th Cir. 2010); *In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994), so the court addresses only the lack of subject matter jurisdiction today rather than any mistake in removal procedure.

The court ORDERS Mr. Jones to file an amended notice of removal by April 30, 2025 clearly articulating the court's jurisdiction, else the case may be remanded without further notice.

SO ORDERED.

April 9, 2025                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court

2